THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DARRYL TAYLOR, | ) | Case No. 2:04CV00309 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM ORDER |
| OLENE WALKER, et al., | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On November 19, 2001, state juvenile court proceedings were held to determine Plaintiff's parental rights in and to his daughter. Plaintiff was represented by counsel at the trial. The Third District Juvenile Court issued an Order terminating plaintiff's parental rights. Plaintiff is now suing the Assistant Utah Attorney General, the DCFS director and the DCFS caseworker involved in the juvenile court proceedings for violation of his Fourth, Ninth and Fourteenth Amendment rights. Plaintiff has previously brought an almost identical action in this Court, which was dismissed with prejudice on September 23, 2002.

Defendants Richard Anderson and Barry Richards have filed a Motion to Dismiss Amended Complaint on the following grounds: 1) the case is barred by the doctrine of res judicata and claim preclusion; 2) this Court lacks subject matter jurisdiction over this action under the *Rooker-Feldman* doctrine; and 3) to the extent plaintiff makes any state claims, those claims are barred by the Governmental Immunity Act of Utah. There was no timely opposition filed by Plaintiff Darryl Taylor. He eventually did file a Motion for Extension of Time to Respond to Peggy Stone's Motion to Dismiss; however, this motion was not timely filed. The Tenth Circuit has repeatedly held that

pro se litigants are required to "follow the same rules of procedure that govern other litigants." *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994) (finding district court did not abuse its discretion in dismissing bankruptcy appeal because of untimely filed brief). Plaintiff has not presented any explanation or justification for his noncompliance, except to say that he needs time to confer with attorneys who are interested in taking over his federal case. However, Plaintiff filed this case over a year ago, on April 7, 2004, and as stated above he had filed a nearly identical case in 2002. He has had ample time to consult an attorney if he desired to do so.

Also the Court finds that Plaintiff's claims are barred, and therefore, there is no reason to grant his request for an extension. The U.S. Supreme Court has "long recognized that '[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled between the parties." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394 401 (1981) (quoting *Baldwin v. Traveling Men's Assn.,* 283 U.S. 522, 525 (1931)). The doctrine of res judicata or claim preclusion, "is intended to relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication." *Satsky v. Paramount communications, Inc.,* 7 F.3d 1464, 1467 (10th Cir. 1993). Three elements are required for claim preclusion to bar a claim: "1) a final judgment on the merits of the prior suit; 2) the prior suit involved identical claims as the claims in the present suit; and 3) the prior suit involved the same parties or their privies." *Satsky,* at 1467. All of these elements are present in this case.

The defendants also effectively argue–and Judge Cassell held in his September 2002 decision in the prior suit–that the *Rooker-Feldman* doctrine, which holds that lower federal courts lack subject matter jurisdiction to review state court judgments, bars this action.

Therefore, for good cause appearing, the plaintiff's Motion for an Extension of Time is hereby denied, and the defendant's Motion to Dismiss is granted.

Accordingly, **IT IS HEREBY ORDERED** that the complaint in the above captioned case be and is **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

SO ORDERED.

DATED this 5th day of may, 2005.

BY THE COURT:

*[signature]*

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT